UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 24-00050-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DAVID LEE FAIL (01) | MAGISTRATE JUDGE AYO |

**MEMORANDUM ORDER**

On February 6, 2025, the United States of America ("the Government") filed a Notice of its Intent to Introduce Evidence of Defendant David Lee Fail's ("Fail") two prior child-molestation convictions at his trial set to begin on August 11, 2025, pursuant to Federal Rule of Evidence 414. See Record Document 33. Fail responded in opposition, asserting that this evidence would only serve to irreparably prejudice the jury against him and prevent him from receiving a fair trial on the merits. See Record Document 37. For the reasons set forth below, Fail's objection to the evidence is **OVERRULED**. However, this evidence will be subject to cross-examination and rebuttal, and the Court will instruct the jury at trial that Fail can only be convicted based upon the conduct alleged in the instant case.

**BACKGROUND**

Fail is charged with one count of transportation of child pornography (18 U.S.C. § 2252A(a)(1)) and one count of possession of child pornography (18 U.S.C. § 2252A(a)(5)(b)). See Record Document 33 at 1; see also Record Document 1. These charges stem from a Homeland Security Investigations case during which a February 2022 search warrant was executed on a Dropbox account associated with user "David

Fail," and email address "dlfail163750@gmail.com," that contained more than 100 images containing child sexual abuse material ("CSAM"). See Record Document 33 at 1. These images contained depictions of pre-pubescent females being orally, vaginally, and anally raped by adult males. See id. The Government seeks to introduce two prior convictions, which are discussed below. See id. at 2, 3.

(a) United States Navy General Court Martial (2006)

Prior to February 2022, Fail had been convicted of felony child-molestation crimes. See id. at 2. Specifically, on April 24, 2006, he was sentenced in the context of a General Court Martial for conduct he had engaged in while serving the United States Navy. See id. During that prosecution, Fail was charged with Article 92 and Article 134 violations, to which he eventually pled guilty. See id.

Fail had used a military computer system while on board the USS Lasalle to search for and download images depicting CSAM using search terms such as "Lolita," "pre-teen," and "teeny." See id. He used a computer system to save the CSAM on diskettes for storage and later viewing. See id. He also paid to subscribe to a website that distributed CSAM. See id. The website changed its URL every two days and emailed the new web addresses to Fail's email address at the time, "dlfail@yahoo.com." See id. The CSAM material that was seized involved depictions of pre-pubescent females being raped or abused by adult males. See id. Three of the children victimized in his possessed CSAM were previously identified minors from known series of videos. See id. Fail was ordered to confinement for 20 months, reduction of pay grade, and a bad-conduct discharge. See id. The details of this criminal conduct and conviction, including the types of CSAM at issue, were previously disclosed to Fail in discovery. See id.

(b) District Court, County of Arapahoe, Colorado (2013)

On December 6, 2013, Fail was convicted in Colorado of sexual exploitation of a child (videos). See id. at 3. His computer was seized and searched pursuant to a warrant after an IP address had been identified as the source of 156 files containing CSAM, which made the files available for distribution via a peer-to-peer network. See id. Once his computer was seized and analyzed, investigators found more than 100 files containing CSAM. See id. Fail eventually pled guilty and was sentenced to five years incarceration and mandatory 36 months of parole. See id. The details of the criminal conduct, including the types of CSAM that Fail was found to be in possession of, were previously disclosed to him in discovery. See id.

**LAW AND ANALYSIS**

**I. Federal Rules of Evidence.**

"In cases involving the molestation of children, Rule 414 permits the admission of evidence of other acts constituting child molestation when this evidence has 'bearing on any matter to which it is relevant.'" U.S. v. Moore, 425 Fed. Appx. 347, 352 (5th Cir. 2011) (quoting FED. R. EVID. 414(a)). "The relevant evidence, however, 'may be excluded if [the evidence's] probative value is substantially outweighed by the danger of unfair prejudice.'" Id. (quoting FED. R. EVID. 403).

"Rule 414 supercede[s] in sex offense cases the restrictive aspect of Federal Rule of Evidence 404(b)." U.S. v. Hickman, No. 19-88, 2022 WL 2195766, at *1 (S.D. Miss. June 17, 2022). "In contrast to Rule 404(b)'s general prohibition of evidence of character or propensity, the new rules for sex offense cases authorize admission and consideration

3

of evidence of an uncharged offense for its bearing 'on any matter to which it is relevant.'" Id. This evidence "includes the defendant's propensity to commit sexual assault or child molestation offenses[] and assessment of the probability or improbability that the defendant has been falsely or mistakenly accused of such an offense." Id. The Fifth Circuit has held "that evidence of other sexual offenses committed by the defendant does not need to be similar in every respect to the charged offense. Rather, the evidence only needs to be probative as to some element of the charged offense." Moore, 425 Fed. Appx. at 352.

**II. Summary of the Arguments.**

The Government argues that in both prior convictions, Fail's mode of uploading, searching for, and storing the images of pre-pubescent females being raped was with the use of a computer with internet access. See Record Document 33 at 3. He also used internet access that was not subscribed to him personally. See id. In the Colorado case, he had been staying intermittently with another couple in their residence when the peer-to-peer network was utilized to share CSAM. See id. In the Navy case, he had used United States government equipment to access the material. See id. At trial, the Government intends to introduce evidence of Fail's two prior CSAM convictions, including the manner in which he perpetrated the offenses and the general content of the CSAM he was found to possess. See id. at 4. The Government submits that this evidence would be introduced via certified records and testimony. See id. Furthermore, the Government contends that the evidence will be relevant to showing Fail's state of mind, lack of mistake, intent, modus operandi, and identity, since the prior crimes are of such a similar nature. See id. at 5.

Fail opposes, asserting that any probative value dwarfs in comparison to the condemnation he would suffer in the eyes of the jury, should such evidence be admitted. See Record Document 37 at 1. He avers that the conduct underlying his prior convictions is different than the conduct alleged in the instant case, which limits its probative value. See id. at 3. In comparison to the Navy case, Fail contends that the instant case does not include allegations that specific search terms were used to locate child pornography on the internet. See id. He advances that the presentation of these search terms constitutes minute details from a conviction nearly two decades old and would have a substantial prejudicial effect on the jury. See id. Additionally, he submits that the instant case does not involve allegations of the use of any subscription services to obtain child pornography. See id.

In comparison to the Colorado case, Fail asserts that the instant case does not involve allegations that peer-to-peer networks were used, comparable search terms, or laptops seizures. See id. at 4. Thus, he argues the Colorado case is of limited probative value, and any such value is substantially outweighed by the risk of prejudice to the jury because of the inflammatory effect it would likely provoke. See id. Fail also submits that both prior convictions are sufficiently distant in time so as to further distinguish any probative value they might have. See id. Moreover, after his second conviction in Colorado, he received medical intervention in the form of sex offender treatment. See id. at 5. He contends that his rehabilitative efforts, in combination with the passage of time, further limits the probative value of his prior convictions. See id.

To the extent the Government may intend to introduce testimony from individuals with firsthand knowledge of the investigations into Fail's prior convictions, he avers that

5

such testimony should be considered unreliable considering the passage of time, which almost certainly has impacted the memories of those involved. See id. Alternatively, should the Court find that the probative value of Fail's prior convictions is not substantially outweighed by the risk of unfair prejudice, he asserts that the Court should limit the presentation of evidence to the convictions themselves and exclude evidence pertaining to the underlying conduct. See id. at 6.

**III. Analysis.**

Under Fifth Circuit case law, Fail's two prior convictions do not need to be similar in every respect to the instant offense; they only need to be probative as to some element. See Moore, 425 Fed. Appx. at 352. The Court finds that his two prior convictions are similar to the instant offense and are highly probative of his state of mind, lack of mistake, intent, modus operandi, and identity. Additionally, introducing this evidence is not substantially outweighed by the risk of unfair prejudice. Because of the similarity between the instant offense and his prior convictions, "there is no indication that the jury would be distracted or confused or induced to decide the case on an improper basis." U.S. v. Bailes, 665 Fed. Appx. 340, 342 (5th Cir. 2016). The Court finds that the evidence of Fail's two prior convictions is "not so inflammatory as to divert unduly the jury's attention from the issues of the case…." Id.

This evidence will be subject to cross-examination and rebuttal, and the Court will instruct the jury at trial that Fail can only be convicted based upon the conduct alleged in the instant case. See Hickman, 2022 WL 2195766, at *3. The Fifth Circuit has previously held that when a district court gives the parties an opportunity for cross-examination and

rebuttal, along with a specific jury instruction, it does not abuse its discretion. See Moore, 425 Fed. Appx. at 352; see also Bailes, 665 Fed. Appx. at 342.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Fail's objection to the Government's introduction of his two prior convictions is **OVERRULED**. However, this evidence will be subject to cross-examination and rebuttal, and the Court will instruct the jury at trial that Fail can only be convicted based upon the conduct alleged in the instant case.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 1st day of May, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE