UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 24-00050-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DAVID LEE FAIL | MAGISTRATE JUDGE AYO |

**MEMORANDUM RULING**

Before the Court is Defendant David Lee Fail's ("Fail") Motion to Dismiss Indictment for Violation of Speedy Trial Rights. See Record Document 56. The United States of America ("the Government") opposed. See Record Document 58. For the reasons stated below, Fail's Motion is **DENIED**. The jury trial scheduled to begin on Monday, August 11, 2025 will proceed.

**BACKGROUND**

On March 20, 2024, Fail was charged in a two-count indictment with transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1) and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). See Record Document 1. He was arrested in Colorado and had an initial appearance there on May 6, 2024. See Record Document 56-1 at 1; see also Record Document 8. A jury trial is scheduled in Lafayette, Louisiana to begin on August 11, 2025. See Record Document 41.

In the instant Motion, Fail argues his speedy trial rights have been violated pursuant to 18 U.S.C.A. §§ 3161 and 3162 ("the Act") and the Sixth Amendment. See Record Document 56-1 at 1. Fail contends the speedy trial clock began to run on May 6,

2024, the day of his initial appearance. See id. at 2. Subsequently, there were four continuances of the trial date:

> (1) June 10, 2024 – oral motion to continue by Fail granted based on ends of justice finding (Record Document 22); trial set for October 21, 2024;
>
> (2) August 22, 2024 – unopposed motion to continue trial by Fail granted based on ends of justice finding (Record Documents 27 & 28); trial set for March 17, 2025 (Record Document 31);
>
> (3) February 20, 2025 – opposed motion to continue trial by the Government granted based on ends of justice finding (Record Documents 35 & 39); trial set for June 24, 2025; and
>
> (4) March 20, 2025 – trial continued allegedly without ends of justice finding (Record Document 41); trial set for August 11, 2025.

See id. Fail submits that "the nonexcludable time is the period from initial appearance to the first ends of justice continuance finding (May 6, 2024 to June 10, 2024 = 34 days) and the ending of the period of the last ends of justice finding to the trial date (June 24, 2025 to August 11, 2025 = 46 days)." Id. As a result, he maintains at least 80 days will have elapsed by the time of trial, therefore violating the Act. See id. Fail advances that the delay from his initial appearance to the trial date has prejudiced him by requiring him to spend additional time in custody and by allowing the Government additional time to prepare and build its case against him. See id.

The Government opposes, asserting that the Court should deny the instant Motion because the Court can articulate findings that the March 20, 2025 continuance served the ends of justice. See Record Document 58 at 2. The Government submits this Court can conduct an ends-of-justice analysis and make such findings any time prior its ruling on the instant Motion. See id. at 5. The Government argues the extreme remedy of dismissal

is not warranted, as the Court provided reasons orally on the record at the time the continuance was granted, and those may now be memorialized in the written record in connection with the Court's ruling on the instant Motion. See id. at 6. The Government points out that no objections to rescheduling the trial were lodged contemporaneously or otherwise, and given the availability of articulable findings prior to trial, the instant Motion should be denied. See id.

Alternatively, the Government contends that any dismissal should be granted without prejudice. See id. at 7. First, the Government maintains that the "seriousness of the offense" cannot be overstated. See id. at 8. Fail comes before this Court having already been convicted of possession of child pornography on two occasions and is now facing his third distinct allegation of that offense. See id. Second, the Government asserts it has not acted in bad faith or purposefully sought to evade the strictures of the Act, nor did it act with a pattern of delay. See id. Third, the Government avers there have been no repeated or egregious violations of the Act that would warrant the strong remedy of dismissal with prejudice for deterrent reasons. See id. at 9. The Government submits that dismissal with prejudice would have a "prophylactic effect." See id.

## LAW AND ANALYSIS

**I. The Speedy Trial Act.**

Pursuant to the Act, "the government has 70 days from the date of the indictment or from the defendant's initial appearance, whichever occurs last, to bring a defendant to trial." U.S. v. Dignam, No. 10-20, 2011 WL 4435203, at *1 (M.D. La. Sept. 22, 2011) (citing 18 U.S.C. § 3161(c)(1)). The speedy clock began to run on May 6, 2024, the day Fail

made his initial appearance in Colorado. See Record Document 8. Absent an interruption, the 70-day limit would have expired before August 11, 2025. However, "the Act allows that certain delays should not be included in calculating this period." Id. (citing 18 U.S.C. § 3161(h)). One example of an excludable delay is a continuance "granted on the basis of the ends of justice." Id. (citing 18 U.S.C. § 3161(h)). Under § 3161(h)(7)(B), the Court should consider several factors to determine whether granting a continuance is warranted. See id.

"The Supreme Court has held that, while the reasons for granting the delay must exist in the judge's mind at the time of granting the continuance, 'the Act is ambiguous on precisely when those findings must be set forth in the record.'" Id. (quoting Zedner v. U.S., 547 U.S. 489, 506–07 (2006)). The Supreme Court has held that at the very least, "'the Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss.'" Id. Additionally, the Fifth Circuit has held "that when a district court, in denying such a motion, 'emphasizes that the following findings were made "in the judge's mind" before granting the continuance' and proceeds to set forth the reasons in the record, 'was sufficient to satisfy the requirements of [the Act].'" Id. (quoting U.S. v. McNealy, 625 F. 3d 858, 863 (2010)).

In the instant case, even though the minutes following the telephone status conference held on March 20, 2025 (Record Document 41) do not explicitly state the written reasons for a continuance, the Court's recent Order provides explicit written reasons (Record Document 59). The Court finds the record clearly demonstrates that, at the time it granted the continuance, these explicit reasons were in the undersigned's mind, which is sufficient to satisfy the requirements of § 3161(h)(7)(A). See id. at *2. See also

4

McNealy, 625 F. 3d at 863; U.S. v. Gordon, 93 F. 4th 294, 305 (5th Cir. 2024) ("[T]he district court properly complied with the [Act] by providing reasons that 'can be fairly understood as being those that actually motivated the court at the time it granted the continuance.'"). The Court is given some discretion "'to accommodate limited delays for case-specific needs.'" Gordon, 93 F. 4th at 305. In exercising its discretion, the Court concludes that the most recent continuance excluded the delay period and does not exceed the 70-day limitation. The Court has given sufficient oral and written reasons for its decision, and the Act has not been violated.

## II. Sixth Amendment.

"The Sixth Amendment states that '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial.'" Gordon, 93 F. 4th at 306 (quoting U.S. CONST. amend. VI). "The only remedy for a violation of the right is dismissal of the indictment." Id. at 306–07. It is unusual for the time limits under the Act to be satisfied but the right to a speedy trial under the Sixth Amendment to have been violated. See id. at 307. Therefore, since this Court has previously concluded that the Act has not been violated, it will only conduct a brief analysis under the Sixth Amendment out of an abundance of caution.

"A court evaluates a claimed violation of the constitutional right to a speedy trial by applying a four-factor balancing test examining (1) the 'length of delay,' (2) 'the reason for the delay,' (3) 'the defendant's assertion of his right,' and (4) 'prejudice to the defendant.'" Id. (quoting Barker v. Wingo, 407 U.S. 514, 530, 92 S. Ct. 2182 (1972)). "The court balances the facts by 'weigh[ing] the first three Barker factors … against any prejudice suffered by the defendant due to the delay in prosecution….'" Id. (quoting U.S. v. Serna-Villarreal, 352 F. 3d 225, 230 (5th Cir. 2003) (internal citations omitted)).

If more than one year has passed between the indictment and trial date, the Fifth Circuit will undertake a full Barker analysis, specifically looking at the first three factors "'to decide whether prejudice will be presumed.'" Id. Here, Fail was indicted on March 20, 2024, and the trial is currently scheduled for August 11, 2025. See Record Documents 1 & 41. Thus, the instant case meets the threshold inquiry and triggers the Barker analysis.

Fail alleges that the length of delay is 10 days, which barely qualifies for a review of the remaining Barker factors. Courts presented with similar issues have held that longer delays barely qualified for a full review of the Barker factors. See U.S. v. Gomez, No. 1:20-00049-3, 2021 WL 4006136, at *5 ("length of delay was a little over a year"); U.S. v. Frye, 372 F. 3d 729, 737 (5th Cir. 2004) ("approximately 16 months was long enough to prompt a full analysis but not long enough to weigh heavily in favor of presuming prejudice"); U.S. v. Harden, No. 4:11-127, 2012 WL 5354546, at *4 (E.D. Tex. Aug. 16, 2012), rep. and recomm. adopted, 2012 WL 5354558 (E.D. Tex. Oct. 29, 2012) ("delay of about one and a half years does not weigh in defendant's favor"). "Most courts have generally found presumed prejudice only in cases in which there is at least a 5-year post-indictment delay." Id. Therefore, the first factor, as applied to the instant case, heavily disfavors Fail and does not prompt a full Barker analysis.

Dismissal is improper and unwarranted in the instant case because the alleged delay is 10 days, the Court has previously held that the Act has not been violated, and the Court has given sufficient oral and written reasons for the latest continuance (Record Document 59). There has not been sufficient prejudicial delay to justify a dismissal of the indictment; therefore, Fail's Motion (Record Document 56) is **DENIED**.

**CONCLUSION**

For the reasons stated above,

**IT IS ORDERED** that Fail's Motion to Dismiss the Indictment (Record Document 56) is **DENIED**. The jury trial scheduled to being on Monday, August 11, 2025 will proceed.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 7th day of August, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE